IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-25-113-RAW |
| | ) |
| RAMONE ANTUANE NEWMAN, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

This matter came on for pretrial conference on February 3, 2026. Defense counsel brought to the court's attention that a previous order (#64) affirmed the Report and Recommendation (#47) of the United States Magistrate Judge, but only took account of the government's partial objection and not the defendant's objection (#50). The court will treat the statement as an oral motion to reconsider and revisits the Report and Recommendation.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with

instructions." Rule 59(b)(3). The undersigned has reviewed the available record. The factual background is set forth in the Report and Recommendation.

Defendant's arrest unfolded by way of a high-speed chase (after defendant had been stopped for speeding) during which law enforcement saw an object thrown from the defendant's vehicle. After defendant was apprehended, law enforcement returned to that spot and found a firearm and ammunition. Defendant is charged in this court with a single count of felon in possession of firearm and ammunition.

Defendant's first objection is to the Magistrate Judge's finding that probable cause supported the warrantless search of the vehicle driven by defendant.[1] After rejecting several proposed justifications offered by the government, the Magistrate Judge nevertheless concluded: "Considering both the extreme nature of the high-speed chase and the law enforcement officer's observation that the Defendant threw an item from the vehicle, officers certainly had probable cause to search the Defendant's vehicle." (#47 at 5). The defendant's "egregious eluding," combined with the throwing of an object from the vehicle, established probable cause under

---

[1] The testimony is that the search found a box of ammunition in the vehicle, although the government cannot produce the box of ammunition.

the "automobile exception" to the Fourth Amendment's warrant requirement. *Id.*

The defendant's objection (and the Report and Recommendation itself) demonstrate that this is a close call. Testimony indicated that defendant's "vehicle went through a highly congested intersection . . . at over 100 miles-an-hour." (#59 at 34-35). Also, that at other times the defendant's vehicle was going "at least" 120 to 125 miles an hour. *Id.* at 37 ll.12-21. It was a "very dangerous pursuit in regards to the safety of others on the roadway and highway." *Id.* at 42 ll.1-2.

The Tenth Circuit notes that flight from police can be considered, among other factors, in probable cause analysis. *See United States v. Cruz,* 977 F.3d 998, 1005 (10th Cir.2020)(citing *United States v. Polly,* 630 F.3d 991, 999 (10th Cir.2011)). In an unpublished decision, the court said "[u]nlike the district court, we do not regard Mr. Brook's flight from arrest as contributing significantly to probable cause to search the U-Haul. . . . But his flight at least added to the probable cause factors discussed above, which were sufficient to justify the automobile-exception search of the U-Haul." *United States v. Brook,* 806 Fed.Appx. 649, 653 (10th Cir.2020).

Probable cause to search a vehicle exists if, under the totality of circumstances, a fair probability exists that the vehicle contains

3

contraband or other evidence. *United States v. Pickel,* 863 F.3d 1240, 1248 (10th Cir.2017). It exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (2017). The undersigned finds appropriate the Magistrate Judge's conclusion that the <u>nature</u> of the defendant's flight, coupled with discarding an unknown object out of the vehicle window during such flight, is sufficient in this case.[2]

Defendant's next objection is to the Magistrate Judge's finding that the public safety exception excused the officer's failure to Mirandize him. Again, the issue is a close one. After defendant was arrested, "he told Sergeant Orr that there was marijuana in the vehicle." (#59 at 44 ll.14-15). Defendant was asked "if there was a gun in the vehicle" and he answered no. *(Id.* at 44 ll.24-25). He was then asked "what's the ammo for" and did not respond intelligibly. *(Id.* at 45 ll.2-8).[3] Law enforcement

---

[2]*See also United States v. Shackleford,* 830 F.3d 751, 753 n.2 (8th Cir.2016)(holding that "[t]he automobile exception requires probable cause to believe contraband or evidence of *any* crime will be found in the vehicle, not merely reason to believe evidence of the crime of arrest will be found.").

[3]The undersigned has reviewed what has been listed as a clip from Officer Graham's body camera (#75) and finds the questions and answers inaudible.

recovered "a black bag of medical marijuana" from the vehicle. *(Id.* at 45 ll. 9-10).

The Magistrate Judge concluded that "[t]he circumstances surrounding Defendant's arrest satisfy both elements of the public safety exception." (#47 at 6). Under that exception, an officer may question a suspect in custody without first giving the *Miranda* warnings if the questions arise out of "an objectively reasonable need to protect the police or the public from any immediate danger associated with a weapon". *United States v. DeJear,* 552 F.3d 1196, 1201 (10th Cir.2009)(quoting *New York v. Quarles,* 467 U.S. 649, 659 n.8 (1984)). The Tenth Circuit adopted the following formulation: under the public safety exception, for an officer to have a reasonable belief that he [or the public] is in danger, at minimum, he must have a reason to believe (1) that the defendant might have (or recently have had) a weapon, and (2) that someone other than police might gain access to that weapon and inflict harm with it. *DeJear,* 552 F.3d at 1201 (quoting *United States v. Williams,* 483 F.3d 425, 428 (6th Cir.2007)).

The undersigned agrees with the Magistrate Judge that both elements are present here, but disagrees on the application. The presence of the two factors permitted questions – but only about the firearm that

was thrown out of the vehicle. *Quarles* recognized a "narrow exception to the *Miranda* rule" when dealing with a "volatile situation." *Quarles,* 467 U.S. at 658. Such a situation allows questions "reasonably prompted by a concern for the public safety." *Quarles,* 467 U.S. at 656. The questions must be necessary to secure law enforcement's own safety or the safety of the public and not "designed solely to elicit testimonial evidence from a suspect." *Id.* at 659.

Here, there was no imminent threat regarding whatever was contained in the automobile. The vehicle was secured and defendant was handcuffed without access. At the time, law enforcement merely knew that an "object" had been thrown from the vehicle. An inquiry as to the object's nature would have been permissible. The questions instead involved the defendant's vehicle. Without *Miranda* warnings, any answers must be excluded.

It is the order of the court that, upon reconsideration, the motion of the defendant to suppress (#24) is denied as to the search of the vehicle but is granted as to defendant's post-arrest statements.

**ORDERED THIS 5th DAY OF FEBRUARY, 2026.**

*(signature: Ronald A. White)*

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**