IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-113-RAW |
| ) | |
| RAMONE ANTUANE NEWMAN, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Two motions in limine of the defendant remain pending in this case. In the first (#55), defendant seeks to exclude prior convictions that might be used for impeachment purposes. At the pretrial conference, the suggestion was made (and adopted by the court) that a ruling could be deferred until defendant made a decision to testify at trial. In the second (#76), defendant sought to exclude three specific items of evidence.

First, defendant seeks to exclude marijuana found in defendant's vehicle after his arrest. The government responded that it would not seek to introduce the marijuana, but rather the fact that defendant was asked if there was anything in the vehicle that law enforcement "needed to know about" and he denied that there was. In a recent order (#84) the court granted defendant's motion to suppress regarding post-arrest statements

because the questions were asked without being preceded by a *Miranda* warning.  Accordingly, the motion is moot in this regard – the purported denial will not be admitted.

Second, the defendant seeks to exclude any assertion that the defendant had a quantity of cash in the vehicle.  At the pretrial conference, the government disavowed any intention of introducing such evidence in its case in chief. Therefore, the motion is granted in this regard, but the issue may be revisited should the defendant testify.

Finally, the defendant seeks to exclude any statements made by defendant's girlfriend during a jail phone call as hearsay.  Specifically, in one call (the court has listened to the recording thereof), defendant's girlfriend reads a list of offenses with which the defendant has been charged.  In regard to one of the series, she states it involves the "gun you threw out of the f**king window."  After her recitation of all the charges, defendant only responds "wow."

The government seeks admission.  A statement made by someone else may be treated as a statement of the party if the party adopts the statement.  *See* Rule 801(d)(2)(B) F.R.Evid.  "A party may manifest adoption of a statement in any number of ways, including through words, conduct, or silence." *United States v. Robinson,* 275 F.3d 371, 383 (4th

Cir.2001). The government relies upon defendant's silence in this instance.

Again, the motion will be granted. "A trial court should be most reluctant to credit mere silence – inherently ambiguous – as 'conduct' sufficient for adoption of an inculpatory statement." *United States v. Coppola,* 526 F.3d 764, 769 n.2 (10th Cir.1975). "The Advisory Committee also cautions against the use of silence, particularly in the criminal context, noting that the inference of guilt from the failure to deny an accusation is 'a fairly weak one.'" 30B Wright & Belllin, *Federal Practice and Procedure,* §6774 at 190 (2017 ed.)(footnote omitted).

It is the order of the court that the defendant's second motion in limine (#76) is hereby granted in part and deemed moot in part.

**ORDERED THIS 10th DAY OF FEBRUARY, 2026.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**